UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN M. PETERS,

        Plaintiff,

Case No. 1:05-CV-610

Hon. Robert Holmes Bell

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion for attorney fees and other expenses pursuant to the Equal Access to Justice Act (docket no. 17). On February 21, 2006, the court reversed and remanded this matter to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g). Defendant does not object to plaintiff's request. Accordingly, the court will consider the motion unopposed.

The Equal Access to Justice Act ("EAJA") provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

The Sixth Circuit has identified three conditions which must be met to recover attorney fees under the EAJA: "1) the claimant must be a prevailing party; 2) the government's

position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). Plaintiff has met all three conditions to recover attorney fees pursuant to the EAJA. First, although plaintiff has not yet obtained an award of benefits by virtue of this action, the Court has reversed the Commissioner's decision and remanded this matter for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). This reversal and remand renders plaintiff a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Second, it is the government's burden to show that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Here, defendant does not assert that its position was substantially justified. Third, defendant presents no special circumstances that warrant a denial of fees.

Plaintiff's application seeks an award of fees in the amount of $4,155.00, based on time spent by counsel and a legal assistant. The amount of attorney fees awarded pursuant to the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Counsel's invoice indicates that he spent 24.50 hours of attorney time working on plaintiff's Social Security appeal and charged an hourly rate of $150.00. Counsel calculates that the current hourly rate for under the EAJA, as adjusted by the consumer price index, exceeds $150.00. Counsel states that he has represented more than 1,000 claimants before the Social Security Administration and the federal courts since 1983. In addition, counsel points out that this case

presented unusual difficulties because he did not represent plaintiff until after the Appeals Council denied her request for review.  Based on this record, the court concludes that counsel's hourly rate falls within the range of prevailing market rates for the kind and quality of the services rendered as authorized under 28 U.S.C. 2412(d)(2) and that the hours expended by counsel have been adequately documented and are reasonable.

Plaintiff also seeks 8.00 hours of legal assistant's time billed at an hourly rate of $60.00. "Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002), *citing Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir.1988) and *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir.1982).  Counsel's invoice indicates that the legal assistant performed tasks for which the attorney would customarily charge the client, such as preparing the complaint and working on briefs.  The court concludes that the hours expended by the legal assistant have been adequately documented and are reasonable.

Accordingly, I  respectfully recommend that plaintiff's motion for attorney fees (docket no.17) be **GRANTED** in the amount of  $4,155.00.


Dated:  July 13, 2006                    /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).